## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SEAN ROSE and JAIME ROSE,
*Plaintiffs,*

v.

THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY and
the TRAVELERS INDEMNITY
COMPANY
*Defendants.*

CIVIL ACTION
NO. 19-977

## ORDER

AND NOW, this 20th day of July, 2020, after a telephonic final approval hearing (ECF No. 62) and consideration of objections to the Class Action Settlement (ECF Nos. 54, 55 and 60), and consistent with the accompanying Memorandum, it is **ORDERED** that Plaintiffs' motion for final approval of a class action settlement (ECF No. 61) and their motion for reasonable attorney's fees and an incentive award for the named Plaintiffs (ECF No. 53) are **GRANTED** as follows:

1.      This Final Order incorporates and makes a part hereof, the Settlement Agreement and the Preliminary Approval Order.  Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order.

2.      The Court has subject matter jurisdiction over this above-captioned case pursuant to 28 U.S.C. § 1332(d)(2), and has personal jurisdiction over all Parties in the above-captioned Action, and all Settlement Class Members, for all matters relating to this Action and the Settlement Agreement, including, without limitation, the administration, interpretation, effectuation and/or enforcement of the Settlement

Agreement and this Final Order.

3.     In the Preliminary Approval Order, the Court preliminarily certified the following Class:

> All homeowners, condominium and business insurance policyholders of Travelers who satisfy the following requirements: (a) the policyholder made a claim for Structural Damage to an Insured Structure located in the United States of America under a Policy; (b) the claim falls within the Settlement Class Period; (c) the Policy included Rot Remediation Coverage; (d) the claim included Rot Damage; and (e) the Rot Damage portion of the claim was denied by Travelers.  The Class will not include policyholders whose insurance claims, as of the date of the Preliminary Approval Order: (f) remain open according to Travelers' records; (g) are the subject of an assignment of rights to payment by the policyholder to any third party; (h) are the subject of a pending lawsuit, other than the Civil Action; (i) are the subject of a final judgment in a lawsuit against Travelers or release executed by the policyholder in favor of Travelers; and/or (j) are the subject of an ongoing or completed appraisal proceeding under the terms of an appraisal provision in a Policy.  In the event that a person or entity has made more than one insurance claim with Travelers satisfying requirements (a) through (e) above, and one or more of those claims fall within exclusions (f) through (j) above but one or more other claims are not excluded, that person or entity will be a Class Member only with respect to those insurance claims that do not fall within exclusions (f) through (j) above.

4.     The Court finds that the requirements for class certification under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are satisfied.  For purposes of the Settlement, the Court finds that the proposed Class is ascertainable and that the requirements of numerosity, commonality, typicality and adequacy of representation are satisfied.  The Court further finds that, pursuant to Fed. R. Civ. P. 23(b)(3), there are predominant common questions of law and fact, and the Settlement is a superior means of resolving the Settlement Class Members' claims rather than individual suits.

5.     The Settlement Class, consisting of all Class Members other than the Settlement Class Opt-Outs (a list of which is attached hereto as Exhibit A), is certified

pursuant to Federal Rule of Civil Procedure 23. For purposes of clarity, the date of the Preliminary Approval Order as referenced in the definition of the Class in Paragraph 3 above, was February 4, 2020.

6.     The Court preliminarily determined that Plaintiffs Sean and Jamie Rose met the typicality and adequacy requirements of Rule 23, thus qualifying them to serve as class representatives of the Settlement Class. The Court finally approves that appointment.

7. The Court also preliminarily determined that the following counsel for the Settlement Class met the adequacy requirements of Rule 23(a)(4) and (g), thus qualifying them to serve as class counsel, and hereby finally approves the appointment of the following counsel as Class Counsel:

Anthony DiUlio, Esquire
Wheeler, DiUlio & Barnabei, P.C.
1617 JFK Blvd., Suite 1270
Philadelphia, PA 19103;

Kenneth J. Grunfeld, Esquire
Golomb & Honik, P.C.
1835 Market Street, Suite 2900
Philadelphia PA 19103.

For purposes of these settlement approval proceedings, the Court finds that these attorneys are competent and capable of exercising their responsibilities as Settlement Class Counsel, satisfy all the requirements of Fed. R. Civ. P. 23(g), and have fairly and adequately represented the interests of the Settlement Class for settlement purposes.

8.     The Court confirms as final its previous appointments of Epiq Class Action & Claims Solutions, Inc. as Settlement Administrator, and Joseph F. Hoag, P.E. as the Neutral Evaluator.

9.      The Class Notice (as set forth in Paragraph 42 of the Settlement Agreement) has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. Such Class Notice (i) constituted the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency and nature of this Action, the definition of the Settlement Class, the terms of the Settlement Agreement, the rights of the Settlement Class to exclude themselves from the settlement or to object to any part of the settlement, the rights of the Settlement Class to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Settlement Agreement on all persons who do not exclude themselves from the Settlement Class, (iii) provided due, adequate, and sufficient notice to the Settlement Class; and (iv) fully satisfied all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

10.     Due and adequate notice of the Final Approval Hearing was given to the Settlement Class and a fair opportunity was offered to Settlement Class Members to participate in the Final Approval Hearing.  All Settlement Class Members are bound by this Final Order and the Final Judgment.

11.     The Settlement is fair, reasonable and adequate, and in the best interest of the Settlement Class considering all the relevant risks and factors set forth in Fed. R. Civ. P. 23(e)(2).

12.     The Settlement is fair, reasonable and adequate considering the following factors:

(a)      the Settlement was reached in the absence of collusion. It was the product of informed, good-faith, arms' length, and lengthy negotiations between the Parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator, Judge Elizabeth Hey;

(b)      the case was complex, expensive and time consuming and would have continued to be so through trial if the case had not settled, resulting in substantial delay before any Settlement Class Members would receive compensation if the litigation were successful;

(c)      the Settlement Class would have faced numerous and substantial risks in obtaining certification of a litigation class, and in establishing liability and/or damages if they decided to continue litigation rather than settle;

(d)      the Individual Payments as set forth in Paragraphs 50 and 51 of the Settlement Agreement are within the range of reasonableness considering the best possible recovery and the risks the parties would have faced if the case had continued;

(e)      the Individual Payments treat class members equitably relative to each other, by reasonably reflecting differences in amounts of Claimed Rot Damage for Policy Period Claims, and are consistent with the fact that Statutory Period Claims would be considerably more difficult claims for Settlement Class Members to establish class certification and to prevail on the merits;

(f)      the method of distributing relief to the class, including the method of processing class-member claims, is fair and reasonable and being conducted by an experienced and neutral Settlement Administrator;

(g)      the proposed award of attorney's fees (and the incentive award) is

to be paid separately from and does not affect the relief to be provided to the Settlement Class; and

(h)     the proposed settlement was well-received by the Class, with only 39 Class Members opting out, and only 3 objections, one of which was withdrawn; it is also significant that none of the numerous federal and state agencies notified pursuant to the Class Action Fairness Act have objected to the settlement.

13.     The Court held a telephonic Final Approval Hearing on June 23, 2020, and has considered any and all objections or comments, timely and proper or otherwise, to the Settlement and denies and overrules them as without merit to the extent that they have not been withdrawn.  More specifically, to the extent that several Settlement Class Members who had the right to make Statutory Period Claims were dissatisfied with the $150 compensation provided for in the Settlement Agreement, the Court has rejected those objections because, for those Settlement Class Members, breach of contract claims would be time-barred and extracontractual claims would be more difficult claims on which to obtain class certification and ultimately prevail on the merits.

14.     This Action is dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Settlement Agreement. Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this matter to effectuate the enforcement of the terms of the Settlement Agreement if needed.

15.     The Court approves the parties' plan to distribute the Individual Payments as set forth in the Settlement Agreement.  Any uncashed checks shall be

handled in accordance with Paragraph 58 of the Settlement Agreement.

16.     Confidential Information pertaining to the Settlement, including but not limited to personal identifying information of Travelers' insureds, any internal Travelers' documents provided by Travelers, and any financial information of Travelers' insureds or of Travelers, shall be handled in accordance with Paragraph 87 of the Settlement Agreement.

17.     All Settlement Class Members (the definition of which excludes the Settlement Class Opt-Outs) are hereby fully and finally bound by all determinations of the Court, the Settlement Agreement and this Final Approval Order.  As provided for in the Settlement Agreement, as of the Effective Date, the Releasors (as defined in Paragraph 19 of the Settlement Agreement) shall automatically be deemed to have fully and irrevocably released the Released Entities (as defined in paragraph 19 of the Settlement Agreement), from any and all Released Claims, as defined in Paragraph 18 of the Settlement Agreement, that any Releasor has or may have had.  All Releasors covenant and agree that they shall not hereafter seek to establish liability against any Released Entity based, in whole or in part, on any of the Released Claims.  Upon the Effective Date, all Releasors will be forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against any Released Entity with respect to the Released Claims.

18.     The Settlement Agreement is not a concession or admission and shall not be used against Travelers or any of the Released Entities as an admission or indication with respect to any claim of any fault or omission by Travelers or any of the Released Entities. Neither the Settlement Agreement, nor any document, statement, proceeding

or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be: (a) construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Entities, including, but not limited to, evidence of a presumption, concession, indication, or admission by Travelers or any of the Released Entities of any liability, fault, wrongdoing, omission, concession, or damage; or (b) disclosed, referred to, or offered or received in evidence against any of the Released Entities in any further proceeding in the Civil Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of settling the Civil Action pursuant to the Settlement Agreement and by the Parties for purposes of enforcing the Settlement Agreement.

19.     The Court approves Class Counsel's request for Attorneys' Fees and expenses in the amount of $1,900,000.00.  The Court finds that this amount is reasonable and appropriate under applicable law and the circumstances of this case.

20.     Within twenty (20) days after the Effective Date, Travelers shall pay the approved attorneys' fees to Wheeler, DiUlio & Barnabei P.C. and Golomb & Honik, P.C. independent of the class settlement payments to be made to Settlement Class Members. Settlement Class Counsel shall furnish to Travelers any required tax information, forms or payment instructions before the payment is made.  Settlement Class Counsel shall be solely responsible for distributing each Settlement Class Counsel firm's allocated share of such fees, costs and expenses to that firm.  Upon payment of the attorneys' fees and expenses, Settlement Class Counsel shall be deemed to have released and forever discharged Travelers as set forth in Paragraph 60 of the Settlement Agreement.

21.     The Court herby approves Settlement Class Counsel's request of an Incentive Award of $10,000.00 to be paid jointly to the Settlement Class Representatives, Sean Rose and Jamie Rose. The Incentive Award shall be paid by Travelers independent of any claim made by Sean and Jamie Rose for an Individual Payment as part of the class action settlement.  This Incentive Award shall be paid to Sean Rose and Jamie Rose in addition to their Settlement Class Member Individual Payment. Defendant shall pay Settlement Class Counsel the Incentive Award within twenty (20) days of the Effective Date.

22.     This Incentive Award is warranted to compensate the Plaintiffs for their contributions to the litigation and their commitment and work on behalf of the Class.

23.     The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment.  Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly retains jurisdiction over the Defendants and each Settlement Class Member (including objectors) regarding the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator.

24.     The Parties are directed to implement and consummate the Settlement,

as set forth in the terms and provisions of the Settlement Agreement.

25.    Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.  Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement as are consistent with this Final Order and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

26.    If the Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and the Final Order, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

27.    In accordance with the Court's findings, the Clerk of Court shall enter **FINAL JUDGMENT** and shall **CLOSE** this case for statistical purposes.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

**EXHIBIT A:  Rose v. Travelers Settlement Requests for Exclusions**

|    | Name(s) | Opt Out # |
|----|---------|-----------|
| 1  | WILLIAM PARD DALLAS & LINDA DAVIS DALLAS | 900000001 |
| 2  | LEONARD K MILLER | 900000002 |
| 3  | HAROLD HACKNEY & LISA HACKNEY | 900000003 |
| 4  | SCOTT WILES | 900000004 |
| 5  | JONATHON S & EVELYN F ZULICK | 900000005 |
| 6  | YVONNE M. FORD | 900000006 |
| 7  | ARNOLD & ANDRA HOWARD | 900000007 |
| 8  | PAUL & TAMARA KORDIK | 900000008 |
| 9  | KRISTEN M BOOKMAN & FOREST R BOOKMAN | 900000009 |
| 10 | RONALD DRAKE | 900000010 |
| 11 | ELLEN K MARKHAM | 900000011 |
| 12 | RONNY HOESADA | 900000012 |
| 13 | CORINE B WORTHAM & WILLIE L WORTHAM | 900000013 |
| 14 | PAMELA EDWARDS | 900000014 |
| 15 | TIM DOLAN | 900000015 |
| 16 | JACK S CRANE | 900000016 |
| 17 | MARGARET A SCHULKE | 900000017 |
| 18 | JULIE A WHITE | 900000018 |
| 19 | DANIEL R & VICKIE THOMAS | 900000019 |
| 20 | PAMELA DOLAN | 900000020 |
| 21 | JERRY CRANE | 900000021 |
| 22 | SUSANNE M DANILOWICZ | 900000022 |
| 23 | DOROTHY LOEB & BARBARA HUDZIK | 900000023 |
| 24 | HARRIET E LAPP | 900000024 |
| 25 | JERI BAILEY | 900000025 |
| 26 | SANTA CRUZ ROUNDTREE HOMEOWNERS ASSOCIATION | 900000026 |
| 27 | ROY L ABRAMEIT & IRENE M ABRAMEIT | 900000027 |
| 28 | EVANGELINE COLLADO | 900000028 |
| 29 | JEANETH DECENA | 900000029 |
| 30 | 30 CHRISTINA A HARBAUGH & SCOTT HARBAUGH | 900000031 |
| 31 | JANICE SCOTT | 900000032 |
| 32 | ADAM JELINSKI & ROXANNE JELINSKI | 900000033 |
| 33 | LEE E & JUANITA LODER | 900000034 |
| 34 | ELIZABETH LAUBACH | 900000035 |
| 35 | JAMES S. & MARY LOU GREEN | 900000036 |
| 36 | L DAVID RYAN & PATRICIA A RYAN | 900000037 |
| 37 | MARK MIKHAEL | 900000038 |
| 38 | PATRICIA METRIONE | 900000039 |
| 39 | RICHARD C & SALLY D WILLARD | 900000040 |